VANCE L. ALEXANDER AND LYNN I. ALEXANDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Alexander v. Commissioner
Docket No. 1452-75.
United States Tax Court
T.C. Memo 1977-160; 1977 Tax Ct. Memo LEXIS 283; 36 T.C.M. (CCH) 673; T.C.M. (RIA) 770160; May 25, 1977, Filed Claire E. Hall, for the petitioners. Johnny B. Mostiler, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $1,108 deficiency in petitioners' 1972 income tax. The sole issue is whether certain payments received by Vance Alexander from St. Luke's and Texas Children's Hospitals qualified as scholarship or fellowship grants excludible from gross income under section 117. [1]
FINDINGS OF FACT All of the facts have been stipulated and are so found. Petitioners were residents of Birmingham, Alabama, when they filed their petition. Lynn I. Alexander is a petitioner solely by virtue of having filed a joint return with her husband; when we *284 refer to petitioner, we will be referring to the husband. Petitioner is a registered pharmacist. From January through August of 1972 he was a resident in hospital pharmacy at St. Luke's and Texas Children's Hospitals ("hospitals") in Houston, Texas. Petitioner's residency program was undertaken as a required part of his course of study leading to the degree of Master of Science in Pharmacy, with a specialty in hospital pharmacy, at the University of Houston. The hospitals were totally independent of the University. The hospitals paid petitioner $5,999 in 1972 as a resident in hospital pharmacy. His salary was a fixed and definite amount and was not based on need. The hospitals withheld income and social security taxes from petitioner's paychecks and provided petitioner with group health insurance, vacation and sick leave benefits, and parking at employees' rates. Petitioner was also eligible to join the employees' credit union and was entitled to employee discounts on pharmacy items and hospital services. The hospitals required petitioner to work a minimum of 40 hours a week. Petitioner's duties as a resident included dispensing drugs to outpatients and hospital employees *285 through the emergency room and outpatient clinics, compounding bulk floor stock drugs, filling prescriptions, making rounds, doing pediatric case studies, preparing hyperalimentation solutions, lecturing on drug information to various hospital personnel, assisting in developing, publishing and distributing The Pharmacy Newsletter, carrying out special projects assigned by senior administrators, working in the quality control section, and assisting in the ordering of supplies, the maintaining of purchasing files, and the billing of patients. In addition, petitioner, on alternate weekends, was in charge of a satellite pharmacy within one of the hospitals, which involved dispensing drugs to inpatients, filling work orders, marking patient records, and checking doses. Once every ten weeks petitioner would spend a night acting as the sole registered pharmacist in one of the hospitals. Petitioner also substituted for various personnel during their vacation periods. There was no obligation on the part of petitioner to go to work for either of the hospitals after completion of his residency program. The hospitals, however, often looked to the residency program for staff pharmacists *286 when vacancies occurred. ULTIMATE FINDINGS OF FACT Petitioner, as pharmacy resident, performed substantial and valuable services for the hospitals, and the payments he received were compensation for these services. OPINION Section 117(a)(1) excludes from gross income amounts received as a scholarship at an educational institution or as a fellowship grant. Payments which constitute compensation for employment services are not excludible scholarship or fellowship grants. Section 1.117-4(c)(1), Income Tax Regs. See Zolnay v. Commissioner,49 T.C. 389, 396 (1968); Reese v. Commissioner,45 T.C. 407, 411 (1966), affd. per curiam 373 F. 2d 742 (4th Cir. 1967). Petitioner seeks to exclude the $5,999 he received in 1972 from St. Luke's and Texas Children's Hospitals as a scholarship or fellowship grant. Respondent contends that the disputed amount did not constitute a scholarship or fellowship grant but was compensation for services performed by petitioners. We agree with respondent. This case is one in a long line of cases dealing with the applicability of section 117 to payments received by individuals serving periods of residency *287 in hospitals as part of their training in the various healing arts. Most of these cases involve resident physicians, and with few exceptions, the payments have been held to "be compensation for past, present, or future employment services," not excludable from gross income under section 117. Section 1.117-4(c)(1), Income Tax Regs. See, e.g., Parr v. United States,469 F. 2d 1156 (5th Cir. 1972); Brubakken v. Commissioner,67 T.C. 249 (1976); Weinberg v. Commissioner,64 T.C. 771 (1975); Dietz v. Commissioner,62 T.C. 578 (1974); Fisher v. Commissioner,56 T.C. 1201, 1211-1212 (1971), and cases cited therein. [2] Compare Bailey v. Commissioner,60 T.C. 447 (1973); Bieberdorf v. Commissioner,60 T.C. 114 (1973). Petitioner has not demonstrated that a different result is justified in this case. Petitioner worked full time at the hospitals, spending the bulk of his time performing the functions of a *288 hospital pharmacist. He compounded drugs, filled prescriptions, instructed other personnel, and assisted in ordering supplies and billing patients. We have found that petitioner's services substantially benefited the hospitals and that the payments he received were compensation for services performed. The fact that the work at the hospitals provided petitioner with valuable experience does not convert compensatory payments into fellowship or scholarship grants. See Proskey v. Commissioner,51 T.C. 918, 925 (1969). We hold that no part of the amount paid petitioner by the hospitals during 1972 is excludable from gross income under section 117. Petitioner further contends that respondent's disallowance of his exclusion under section 117 of the payments he received from the hospitals violated his rights under the fifth and fourteenth amendments of the Constitution. In support of this contention, petitioner offered the protocol of the Hospital Residence Program at the Veterans' Administration Hospital in Houston (which was excluded as irrelevant) and written statements of three former residents in hospital pharmacy, two of whom performed residencies at the V.A. *289 Hospital in Houston and one at the same hospitals as petitioner. The written statements were excluded as hearsay. The written statements were to the effect that the returns of these three residents were audited and their stipends were allowed as exclusions under section 117, and that to the best of their knowledge no hospital pharmacy resident at either the V.A. Hospital or the hospitals at which petitioner worked had ever been denied a section 117 exclusion for his stipend. First, we are still of the opinion that the evidence excluded was properly so excluded. Second, even if such evidence were before us, we would not hold for petitioner for the reasons hereafter stated. Petitioner is not disputing the constitutionality of section 117, nor does he contend that its application to his individual situation in some manner violates the Constitution. Instead he is essentially arguing that respondent's alleged practice of erroneously granting windfall benefits to other similarly situated taxpayers should be extended to include him. However, petitioner has not alerted us to any case holding that a taxpayer has a constitutional right to tax windfalls, nor have we found any. We believe *290 that what we have previously stated in the context of respondent's litigation practices applies equally well to the audit area: Petitioner has no ground to object [to a deficiency] merely because some other taxpayer may have been offered a windfall as a result of the Government's litigation [here audit] strategy * * * Petitioner has been accorded due process of law in the review of the deficiency determined against it by the Commissioner herein and the fact that it has not been offered a windfall * * * does not rise to the level of an infringement of its constitutional rights. Lincoln Savings & Loan Association v. Commissioner,51 T.C. 82, 107-108 (1968) (approved in Commissioner v. Lincoln Savings & Loan Association,403 U.S. 345 (1971)). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. For the same result involving a hospital pharmacy resident, see Brenneise v. Commissioner,33 T.C.M. 1↩, 43 P-H Memo. T.C. par. 74,001 (1974).